**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0064T** |
| | ) | |
| **ELLIOT RIVERA CRUZ** | ) | |

---

**MOTION FOR SENTENCE CONSIDERATION**

Now comes Elliot Rivera Cruz, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, to comply with the mandates of 18 U.S.C. § 3553(a). Mr. Cruz respectfully suggests that the Court should conclude that the advisory guideline calculations call for a sentence longer than what is necessary to comply with 18 U.S.C. § 3553(a). Mr. Cruz proposes a sentence of incarceration of credit for time served with a period of supervised release to follow. Such a sentence would serve the goals of sentencing in this case.

Respectfully submitted
Elliot Rivera Cruz
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Mary Rogers, Assistant United States Attorney and Kristin Mattias, USPO, on September 4, 2007.

Mary S. McElroy, 4830

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0064T** |
| | ) | |
| **ELLIOT RIVERA CRUZ** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

### I. Introduction

Through counsel, Elliot Rivera Cruz files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives of 18 U.S.C. § 3553(a). The Probation Department has prepared a Pre Sentence Investigation Report and determined that the restricted guideline range applicable to Mr. Cruz is forty eight (48) months. Mr. Cruz does not contest the calculation of the guidelines in his case but requests that the court find that there are significant grounds for a sentence below the advisory guideline range. This Memorandum is submitted in support of Mr. Cruz's motion for sentencing consideration advocating a sentence outside of the advisory guideline range.

### II. Sentencing Considerations

A. The Law

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary"

to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States,* No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007). Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Booker,* 543 U.S. at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case. However, the guidelines are *"generalizations* that can point to outcomes that may appear to be unreasonable to sentencing judges in particular cases[,]" *United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006) (emphasis in original).

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the recent *Rita* decision the United States Supreme Court ruled that an appellate presumption that the guideline sentence is appropriate is permissible but such a presumption on the District Court level is not. *Rita,* 2007 U.S. Lexis 8269, at **16 and **25. The reasoning for the allowance of an appellate presumption is that the guidelines and the district court judge both would have separately come to the same conclusion about the appropriate sentence for the defendant. "[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita* at **17.

Such a presumption does not apply on the district court level. *Id. at **25.* The district court judge sentencing a defendant must, therefore, "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 2007 U.S. App. LEXIS 15346, *11-12 (7th Cir. June 28, 2007) (interpreting *Rita).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

B. Nature of the Offense

Mr. Cruz has plead guilty to one count of using a communication device in committing a violation of 21 U.S.C. 841 and 843(b). Mr. Cruz had originally plead guilty to conspiring to distribute and possess with intent to distribute cocaine base. That conviction was overturned by the Circuit Court of Appeals upon the government's unopposed motion for summary reversal.

That indictment will be dismissed by the government after Mr. Cruz's sentencing in this case.

18 U.S.C. §3553(a) directs sentencing courts to consider several factors when determining the appropriate sentence for a criminal defendant. The court must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The conduct for which Mr. Cruz is before the court is serious. However, in his case Mr. Cruz's conduct is consistent with that of a drug user who deals small amounts of controlled substances in order to support his habit.

In this case the government, by way of a wiretap, intercepted phone calls from Mr. Cruz to William Cifredo. During the course of those two phone calls Mr. Cruz made arrangements to purchase a small amount of cocaine base. Mr. Cruz later admitted to the police that he had consumed half of what he purchased and sold the other half. Although serious, this conduct is not so serious that it would warrant any further time in prison than Mr. Cruz has already served. Mr. Cruz has served almost three years in federal prison for this offense. A sentence that includes the prison time already served with an additional period of supervised release, would certainly reflect the seriousness of the offense.

C. Deterrence and the Need to Provide Education or Vocational Training

The other important factors that the court must consider in determining an appropriate sentence for Mr. Cruz are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. A sentence of time served in this case serves each of those purposes. No additional deterrent effect would be realized by incarcerating Mr. Cruz for a longer period of time.

Mr. Cruz's case presents a unique one in that he has already served almost three years of

the sentence in this case. Mr. Cruz has been serving his sentence since October 25, 2004. No additional deterrent effect will be realized by sending Mr. Cruz back to federal prison for another year.

**III. The Minimally-Sufficient Sentence**

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Those purposes including deterrence, punishment, respect for the law and rehabilitation. Mr. Cruz requests the Court to consider a sentence below the advisory guideline range. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and Mr. Cruz has already completed his education and drug treatment while in federal custody. Any further rehabilitation can be accomplished during supervised release.

**V. Conclusion**

For all of these reasons, Mr.Rivera asks the Court to impose a sentence of time served with one year of supervised release.

Respectfully submitted
Elliot Rivera Cruz
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Mary Rogers, Assistant United States Attorney and Kristin Mattias, USPO, on September 4, 2007.

/s/Mary S. McElroy, 4830