IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-064T |
| | ) | |
| ELLIOT RIVERA CRUZ | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR SENTENCING CONSIDERATION**

The Defendant has filed a motion and memoranda in support of sentencing consideration, requesting that the Court impose a sentence below the range calculated pursuant to the United States Sentencing Guidelines (U.S.S.G.). The government submits this memorandum in support of its objection. The Defendant is a career offender with a criminal history for drug trafficking crimes. The Defendant pled guilty to the charge of using a communication facility, a cellular telephone, in committing a violation of the controlled substances act. 21 U.S.C. 843(b). This offense carries a maximum penalty of 48 months incarceration. Based upon the Defendant's criminal history the U.S.S.G. calculation results in a range of 63 to 78 months. Thus, the Defendant is already receiving a benefit.

## I. SENTENCING CONSIDERATIONS

The guideline range for sentencing for this defendant as calculated pursuant to the United States Sentencing Guidelines (U.S.S.G.) is 63 to 78 months. Because the maximum penalty is 48 months, the restricted range is 48 months.

The Sentencing Court must consider the factors set forth in 18 U.S.C. 3553(a)(2):

the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

(A) The Seriousness of the Offense

The Defendant has pled guilty to using a cellular telephone to facilitate the purchase of 7 grams of crack cocaine; 3.5 of which he ingested himself and 3.5 of which he resold to another individual. The Defendant's drug problem does not negate the fact that he redistributed illegal substances to others. The Defendant's criminal history is replete with charges of distributing controlled substances. The Defendant qualifies as a career offender based upon his repeated drug trafficking convictions. The Defendant's criminal history category, Category VI, is the highest possible category and is based upon his lengthy criminal history. The sale of drugs to the public causes harm to others, regardless of whether the Defendant was motivated by his addiction or for purely financial reasons. While a sentence of three years might be appropriate for an individual with no prior criminal history, given this Defendant's extensive criminal record, a sentence of 48 months is appropriate.

(B) Deterrence

Prior to the instant offense, the Defendant had been sentenced to periods of incarceration including 10 days to serve and 30 days to serve in 1992 (see PSR ¶ 27); 90 days to serve in 1993 (see PSR ¶ 29); 30 days to serve in 1994 (see PSR ¶ 30); 18 months to serve in 1996 (see PSR ¶ 36); 18 months to serve in 1997 (see PSR ¶ 37); 21 months to serve in 1999 (see PSR ¶ 29 and 32); and 24 months to serve in 2002 (see PSR ¶ 39). A sentence of 48 months is appropriate

given the fact that prior periods of incarceration have not had an impact on this Defendant's conduct.

(C) Protecting the Public

In light of the Defendant's past criminal history and repeated violations, a sentence of 48 months will provide protection to the public.

(D) Provide Effective Treatment

This factor weighs against a sentence below 48 months. If the Defendant is sentenced to time served he will not receive any treatment for drug addiction. The pre sentence report indicates that the Defendant has never received any treatment for his addiction.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motions should be denied and the Defendant should be sentenced to the 48 months restricted guideline range.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 6th day of September, 2007, I caused the Government's Response to Defendant's Motion for Sentencing Consideration to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mary McElroy, Esquire
Federal Defender's Office
10 Weybosset St., Suite 300
Providence, RI 02903

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov